UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICHARD M. BACQUIE,

*Plaintiff*,

– against –

ENA BACQUIE WONG, SABRINA BACQUIE, *and* JACQUELINE BACQUIE

*Defendants*.

**MEMORANDUM & ORDER**
25-cv-05012 (NCM) (PCG)

**NATASHA C. MERLE**, United States District Judge:

This Court has received a Report and Recommendation ("R&R") dated August 17, 2026, from the Honorable Judge Peggy Cross-Goldenberg, United States Magistrate Judge. R&R, ECF No. 68. Defendants Ena Bacquie Wong and Jacqueline Bacquie separately filed timely objections. *See generally* Wong Objs., ECF No. 72; J. Bacquie Objs., ECF No. 70. Plaintiff timely objected to the R&R and filed a consolidated response to defendants' objections. *See* Pl.'s Objs., ECF No. 73; Resp., ECF No. 74. After review, the Court adopts the R&R with the modifications below.

## BACKGROUND

On September 16, 2025, pro se plaintiff Richard M. Bacquie sued defendants Ena Bacquie Wong, Sabrina Bacquie, and Jacqueline Bacquie. *See* Compl., ECF No. 1. Defendants are plaintiff's two sisters and his sister-in-law. Compl. ¶ 1. Plaintiff alleges that starting on or about August 3, 2023, defendants engaged in an "extended pattern" of "malicious[ly] [and] knowingly [making] false accusations to law enforcement, social services, hospitals, courts and the public" causing "multiple wrongful arrests, financial damage, public humiliation, emotional distress, loss of work, and irreparable harm to

[p]laintiff's personal safety and reputation." Compl. ¶¶ 1–2, 11. Plaintiff invokes the Court's diversity jurisdiction, and brings claims for (1) defamation, (2) intentional infliction of emotional distress ("IIED"), (3) abuse of process, and (4) civil harassment. Compl. ¶¶ 4, 53–86. Counts one, two, and four are alleged against all defendants, Compl. ¶¶ 53–69, 78–83, and count three is alleged against Ena and Sabrina only, Compl. ¶¶ 70–77. The facts underlying plaintiff's claims and the procedural history of this case are both extensively outlined in the R&R, familiarity with which is assumed.

On August 17, 2026, Magistrate Judge Cross-Goldenberg issued an R&R recommending that (1) service was proper as to Sabrina and Ena; (2) res judicata and collateral estoppel do not bar plaintiff's claims; (3) Sabrina be dismissed from this action for lack of personal jurisdiction; (4) plaintiff's defamation claim be dismissed as barred by the statute of limitations; (5) plaintiff's IIED claim be dismissed as barred by the statute of limitations and for failure to state a claim for relief; and (6) plaintiff's abuse of process claim be dismissed for failure to state a claim for relief; and (7) plaintiff's civil harassment claim be dismissed because no such cause of action exists under New York law. R&R 12, 54.[1] Magistrate Judge Cross-Goldenberg also recommends granting plaintiff leave to amend his defamation, IIED, and abuse of process claims. R&R 12.

On August 26, 2026, Jacqueline filed objections, and Ena filed objections on August 28, 2026. *See generally* J. Bacquie Obj., ECF No. 70; Wong Obj., ECF No. 72. Defendant Sabrina did not file objections. On August 31, 2026, plaintiff filed objections to the R&R along with a proposed amended complaint, *see generally* Pl.'s Objs., and filed a consolidated response in opposition to Ena's and Jacqueline's objections, *see generally*

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

Resp. The time to respond to plaintiff's objections was September 14, 2026, and no defendant has done so. *See* Fed. R. Civ. P. 72(b)(2).

**STANDARD OF REVIEW**

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, once a magistrate judge has issued a report and recommendation on a dispositive motion, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Generally, objections that are "nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition" are insufficient to invoke *de novo* review of the magistrate judge's recommendations. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 360–61 (2d Cir. 2025) (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022)).[2]

A party generally may not raise new arguments and factual assertions for the first time in objections to the report and recommendation. *See First Am. Title Ins. Co. v. Ram Abstract, Ltd.*, No. 23-cv-06462, 2026 WL 218701, at *1, *3 (E.D.N.Y. Jan. 28, 2026). Indeed, these sorts of objections "may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020). A district court reviews "[p]ortions of a report and recommendation that are not properly objected to . . . [for] clear error on the face of the record." *Park v. Kim*, No. 20-cv-02636, 2022 WL 3643966, at *2 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir. 2024).

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

## DISCUSSION

Plaintiff raises four objections: (1) the R&R failed to consider whether the pleaded facts state a claim for malicious prosecution, Pl.'s Objs. 6–9; (2) the R&R failed to apply the doctrine of pendent personal jurisdiction when it determined that the Court lacked personal jurisdiction over Sabrina and failed to consider whether Sabrina's presence on May 10, 2024, was sufficient to confer personal jurisdiction over her for plaintiff's non-defamation claims, Pl.'s Objs. 9–12; (3) the R&R incorrectly found that the last tortious act occurred on September 9, 2024, improperly foreclosing the application of the continuing tort doctrine, Pl.'s Objs. 12–13; and (4) the R&R incorrectly held that plaintiff failed to plead a collateral objective to make out a claim for abuse of process, Pl.'s Objs. 13–14.

Defendant Ena objects to the R&R's recommendation that the Court grant plaintiff leave to amend counts one, two, and three. Wong Obj. 5. Defendant Jacqueline objects to the R&R's recommendation that the Court grant plaintiff leave to amend the claims alleged against her—counts one and two. J. Bacquie Obj. 5. Both defendants argue that leave to amend would be futile. Wong Obj. 5; J. Bacquie Obj. 12. Jacqueline additionally argues that if plaintiff is permitted leave to amend, "leave [should] be conditioned on fee-shifting, so that [she] does not bear the legal expenses of a further amendment[.]" J. Bacquie Obj. 5.[3]

The parties do not otherwise object to Magistrate Judge Cross-Goldenberg's findings and conclusions.

### I. Plaintiff's Objections

[3] Ena "incorporates in [their] entirety the arguments set forth in Defendant Jacqueline Bacquie's Objections." Wong Obj. 5. But the only substantive difference that is relevant to Ena is Jacqueline's request that any amendment be conditioned on fee-shifting, which, as described *infra* Section II, is denied.

*A. Objection I*

Plaintiff's first objection takes issue with Magistrate Judge Cross-Goldenberg's purported failure to consider whether plaintiff plausibly alleged a malicious prosecution claim. Pl.'s Objs. 6–9.[4] Plaintiff's objection here is misguided. Plaintiff has not pled a claim for malicious prosecution in the Complaint nor did he argue that such a claim was pled in his Opposition to defendants' motions to dismiss, his oppositions to each defendant's request for a pre-motion conference on their respective motion to dismiss, or any other filing for the Magistrate Judge to consider. *See generally* Compl.; Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Opposition"), ECF No. 61; Pl. Opp'n to Wong Pre-Mot. Conference Req., ECF No. 48; Pl. Opp'n to J. Bacquie Pre-Mot. Conference Req., ECF No. 55; *see also Lang v. New York City Health and Hospitals Corp.*, No. 12-cv-5523, 2013 WL 4774751, at *4 (S.D.N.Y. Sept. 5, 2013) (considering new claims raised in opposition papers because the allegations "simply articulat[e] additional claims that [the pro se plaintiff's] original complaint could have been construed to allege").

Moreover, plaintiff may not "raise [a] new claim[] in the form of objections to a report and recommendation." *See Gerzhgorin v. Selfhelp Cmty. Servs., Inc.*, No. 18-cv-04344, 2022 WL 912523, at *4 (E.D.N.Y. Mar. 29, 2022), *aff'd*, No. 22-808, 2023 WL 2469824 (2d Cir. Mar. 13, 2023). "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Layne v. Capra*, No. 17-cv-06736, 2018 WL 5255171, at *1 (S.D.N.Y. Oct. 22, 2018) (quoting *Razzoli v. Fed. Bureau of Prisons*, 12-cv-03774,

---

4 Plaintiff further argues that he wishes to amend his Complaint to raise a malicious prosecution claim. Because plaintiff's argument here does not object to a conclusion of law or factual finding in the R&R, the Court construes this argument to support his argument that leave to amend is warranted. *See generally* Resp.

2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014)). To permit otherwise would "unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a [r]eport is issued to advance additional arguments" and claims. *Abu–Nassar v. Elders Futures*, No. 88-cv-7906, 1994 WL 445638, at *4 n. 2 (S.D.N.Y. Aug. 17, 1994).

A claim for malicious prosecution "could have been, but was not, presented to the magistrate judge in the first instance." *Garcia v. Astrue*, 10 F. Supp. 3d 282, 287 (N.D.N.Y. 2012). Thus, this objection to the R&R is without merit. Accordingly, plaintiff's first objection is overruled.

*B. Objection II*

Plaintiff next objects to the R&R's finding that the Court lacks personal jurisdiction over Sabrina. Pl.'s Objs. 9–12. Pursuant to New York's long arm statute, N.Y.C.P.L.R. § 302(a)(2), a court has personal jurisdiction over an out-of-state defendant who "commits a tortious act within the state, except as to a cause of action for defamation[.]" *Id.* The "tortious acts attributable to [Sabrina]" are the alleged coordination of Ena's false testimony in front of the Kings County grand jury and defamatory statements made to hospital staff and law enforcement. R&R 20. Because these tortious acts "form the basis of [p]laintiff's defamation claim[,]" Magistrate Judge Cross-Goldenberg determined that pursuant to the text of section 302(a)(2), the Court lacked a statutory basis to exercise personal jurisdiction over Sabrina, a resident of Florida. R&R 18, 20–21.

Plaintiff contends that the Magistrate Judge erred on two grounds. First, the Magistrate Judge recited the doctrine of pendent jurisdiction and then decided the personal jurisdiction issue without applying it. Second, plaintiff argues that the Magistrate Judge failed to consider his allegation that Sabrina's May 10, 2024, presence at their

mother's funeral was sufficient to confer personal jurisdiction as to his IIED claim. Pl.'s Objs. 10–12.

Upon its *de novo* review, the Court finds that argument one is without merit. With respect to argument two, the Court modifies the R&R as discussed below.

i. Pendent Jurisdiction

Plaintiff first argues that the R&R recited the doctrine of pendent jurisdiction but failed to apply it. Pl.'s Objs. 9–10. The doctrine of pendent personal jurisdiction provides that "where a federal statute authorizes nationwide service of process, and the federal and state-law claims derive from a common nucleus of operative fact, the district court may assert personal jurisdiction over the parties to the related state-law claims even if personal jurisdiction is not otherwise available." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 88 (2d Cir. 2018). "Pendent personal jurisdiction, however, traditionally refers to the joinder of a state-law claim by a party already presenting a federal question claim against the same defendant." *Wiggins v. Unilver United States, Inc.*, 684 F. Supp. 3d 127, 144 (S.D.N.Y. 2023). "[T]he doctrine applies when a court: (i) has subject matter jurisdiction over a plaintiff's federal claims respecting legislation that provides for nationwide service of process; (ii) chooses to exercise personal jurisdiction over the defendant with respect to the plaintiff's related state-law claims; and (iii) does so even though it does not otherwise have personal jurisdiction over the defendant as to the state-law claims." *Hawkins v. Well Path, LLC*, No. 19-cv-08969, 2020 WL 4287447, at *4 (S.D.N.Y. July 27, 2020).

Here, the application of pendent personal jurisdiction fails at the first step. There are no causes of action arising under federal law. *See* Compl. ¶¶ 53–86. Rather, plaintiff's action invokes the Court's diversity jurisdiction. By extension, there are no federal law

claims that authorize nationwide service of process. Thus, pendent jurisdiction is inapplicable. *See Henderson v. Radegen Sports Mgmt. LLC*, No. 25-cv-01020, 2025 WL 3482782, at *1 n.1 (S.D.N.Y. Dec. 3, 2025) (finding that arguments about federal question jurisdiction and when courts should exercise supplemental jurisdiction over pendent state claims were "inapposite" where the court exercised jurisdiction under diversity jurisdiction).

ii. Physical Presence in New York

Plaintiff's second argument is that Magistrate Judge Cross-Goldenberg did not consider that Sabrina's physical presence at the funeral of Graciela Bacquie, the parties' mother and mother-in-law in Brooklyn, New York on May 10, 2024, supplies the basis for personal jurisdiction as to plaintiff's IIED claim. On this point, the Court agrees.

Under New York's long-arm statute, C.P.R.L. § 302(a), a court may exercise specific personal jurisdiction over an out-of-state defendant as to causes of action arising from the "commi[ssion of] a tortious act within the state." C.P.R.L. § 302(a)(2). Magistrate Judge Cross-Goldenberg examined the following contacts Sabrina had within the state of New York: (1) Sabrina informed New York Presbyterian Hospital staff that plaintiff was a violent sex offender; and (2) Sabrina coordinated with defendant Wong to make false statements before the grand jury in Kings County, New York, that led to criminal charges being brought against plaintiff. R&R 20–21. Magistrate Judge Cross-Goldenberg correctly found that because these acts served as the basis of plaintiff's defamation claims, which is expressly excluded as a basis for personal jurisdiction under New York's long arm statute, the Court may not exercise personal jurisdiction over her. R&R 20–21 (applying sections 302(a)(2) and (a)(3) to Sabrina's contacts with New York and out-of-state conduct that caused plaintiff injury in New York and finding no basis for personal jurisdiction over

Sabrina). However, plaintiff argues, Magistrate Judge Cross-Goldenberg did not "address [Sabrina's] funeral conduct." Pl.'s Objs. 11.

Plaintiff's objection prompts *de novo* review of the Magistrate Judge's analysis. Plaintiff alleges that Sabrina and Ena arrived at Graciela's funeral with an armed individual who attempted to incite a physical altercation with plaintiff. Opp'n 8. Plaintiff adds that this was in violation of an agreement negotiated between plaintiff's counsel, Jacqueline's counsel, Ena, and Sabrina. Pl.'s Objs. 10; Compl. ¶¶ 29–31. At the time, Ena had a temporary order of protection against plaintiff. The agreement arranged for Ena's attendance at a specific time with a police escort, and required plaintiff and defendants to not interact. Compl. Ex. E at 42–50. Plaintiff alleges Ena, accompanied by Sabrina and the armed individual, arrived outside of the agreed upon time, and the armed individual's confrontation with plaintiff violated the agreement negotiated between the parties. Pl.'s Objs. 10. Plaintiff alleges that by "[i]ntroducing an armed individual . . . into a funeral setting, which placed [p]laintiff in legitimate fear for his life," defendants, including Sabrina, intended to cause plaintiff "severe emotional and psychological trauma." Compl. ¶¶ 64–65. It is this violation at Graciela's funeral that plaintiff argues serves as the basis for his IIED claim, Compl. ¶ 64, and Sabrina's physical presence during that incident supplies the basis for personal jurisdiction over her for that claim. Pl.'s Objs. 10–11.

The plaintiff bears the burden of establishing a basis for personal jurisdiction on a Rule 12(b)(2) motion. *Boehner v. Heise*, 410 F. Supp. 2d 228, 236 (S.D.N.Y. 2006). "Where the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." *Id.* In such a case, the plaintiff "need make only a prima facie showing by its pleadings and affidavits that jurisdiction exists." *Horowitz v. AJP Educ. Found., Inc.*, No. 25-cv-03412, 2026 WL

945684, at *3 (S.D.N.Y. Apr. 1, 2026) (quoting *CutCo Indus., Inc., v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)). "This prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012). Crucially, "a plaintiff is required to establish personal jurisdiction separately over each defendant and with respect to *each* claim asserted." *See Caplan v. Dollin*, 803 F. Supp. 3d 219, 230 (S.D.N.Y. 2025) (emphasis original).

"Where a court sits in diversity, it looks to the long-arm statute of the forum state – here, New York – to assess whether it has personal jurisdiction over the parties." *Sparrow Fund Mgmt., LP v. Mimedx Grp., Inc.*, No. 18-cv-04921, 2019 WL 8955307, at *15 (S.D.N.Y. Nov. 7, 2019), *report and recommendation adopted*, 2020 WL 1330283, at *1 (S.D.N.Y. Mar. 22, 2020).

Section 302(a)(2) of the CPLR provides for personal jurisdiction over a defendant who commits a tortious act within the state of New York if the cause of action arises from that act. C.P.L.R. § 302(a)(2). "[A] defendant's physical presence in New York is a prerequisite to jurisdiction under § 302(a)(2)." *Thackurdeen v. Duke Univ.*, 660 F. App'x 43, 46 (2d Cir. 2016) (summary order).

"Personal jurisdiction must also comport with the Constitutional requirements set forth pursuant to the Due Process Clause." *Enneagram Personality Types, Inc. v. Kajtezovic*, 814 F. Supp. 3d 443, 459 (W.D.N.Y. 2025). There are "two components to the due process analysis . . . (1) the minimum contacts inquiry and (2) the reasonableness inquiry." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 171 (2d Cir. 2010).

Here, plaintiff alleges that on May 10, 2024, Sabrina was physically present in Brooklyn, New York. Compl. ¶¶ 29–30; *see* Compl. Ex. E at 44. He alleges Sabrina "placed

[him] in legitimate fear for his life" when she "attend[ed] the funeral outside of the agreed upon time and with an armed individual," Compl. ¶ 64, who "threatened and verbally attacked" plaintiff, Compl. ¶ 31. He contends that these actions were intended to cause him "severe emotional and psychological trauma." Compl. ¶¶ 64–65. Plaintiff argues this incident underlies his IIED claim, Compl. ¶ 64, and Sabrina's physical presence during it supplies the basis for personal jurisdiction over her.[5] The Court finds that plaintiff has demonstrated, prima facie, that Sabrina, "a nondomiciliary defendant, allegedly committed a tortious act in New York within the meaning of CPLR 302(a)(2)." *WCVAWCK–Doe v. Boys & Girls Club of Greenwich, Inc.*, 188 N.Y.S.3d 98, 109 (2d Dep't 2023). And because "[p]laintiff has made sufficient allegations to satisfy New York's long-arm statute, the minimum contacts inquiry is also satisfied." *Enneagram Personality Types, Inc.*, 814 F. Supp. 3d at 460 (citing *Relevent Sports, LLC v. U.S. Soccer Fed'n, Inc.*, 61 F.4th 299, 306 (2d Cir. 2023)). Finally, the reasonableness factors weigh in favor of the Court's exercise of personal jurisdiction.[6] Accordingly, the Court finds that it has personal

---

5 Plaintiff makes a related argument asserting Sabrina has not adequately challenged the Court's personal jurisdiction over her based on her physical presence in New York. Pl.'s Objs. 11 (contending Sabrina's arguments on personal jurisdiction are improperly "directed at her residence [in Florida], not presence [in New York]."). Because the Court finds that there is a "statutory basis for personal jurisdiction" and the "exercise of jurisdiction [is] consistent with federal due process requirements[,]" the Court declines to address plaintiff's arguments about the legal sufficiency of Sabrina's assertions. *Beskrone v. Berlin*, 656 F. Supp. 3d 496, 506 (S.D.N.Y. 2023).

6 The Supreme Court has set forth five factors that must be considered when determining the reasonableness of a particular exercise of jurisdiction:

> (1) the burden on the defendant, (2) the interests of the forum State, and (3) the plaintiff's interest in obtaining relief, . . . (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies.

jurisdiction over Sabrina with respect to plaintiff's IIED claim based on her alleged tortious acts in Brooklyn on May 10, 2024.

*C. Objection III*

Plaintiff's third objection is to the R&R's finding that the last tortious act occurred on September 9, 2024. Pl.'s Objs. 12. Plaintiff argues that the R&R erred for three reasons. First, the continuation of the Kings County prosecution until February 19, 2025, was itself tortious conduct under a malicious prosecution claim. Pl.'s Objs. 12–13. Second, the R&R misallocated the burden of demonstrating the statute of limitations when it settled the question of when the social media post was made in defendant's favor. Pl.'s Objs. 13. Third, by determining that the last tortious act occurred on September 9, 2024, the R&R foreclosed the possibility that the continuing tort doctrine applied to the circumstances here. Pl.'s Objs. 13.

The first basis for plaintiff's objection, as discussed above, is without merit. That is because the R&R did not need to consider a claim for malicious prosecution—a claim

---

*Chloe*, 616 F.3d at 173 (citing *Asahi Metal Indus.Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102 (1987)). Here, there will be some burden on Sabrina if she has to travel to New York for trial, but that factor provides "weak support" due to modern communication and transportation technologies. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129-30 (2d Cir. 2002). The second factor favors New York because a state frequently has a "manifest interest in providing effective means of redress for its residents." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 483 (1985) (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 20, 223 (1957)). The third factor weighs in plaintiff's favor given that he lives in New York. And as to the fourth and fifth factors "nothing suggests that an exercise of personal jurisdiction here would be inefficient or would trench on the prerogatives of other states." *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18-cv-02897, 2018 WL 5118638, at *5 (S.D.N.Y. Oct. 22, 2018). Accordingly, "asserting jurisdiction over [Sabrina] comports with traditional notions of fair play and substantial justice, such that it satisfies the reasonableness inquiry of the Due Process Clause." *Chloe*, 616 F.3d at 173.

plaintiff did not allege. *Supra* I.A. The second and third bases of plaintiff's objection prompt *de novo* review. R&R 30–31.

Plaintiff's second contention is that Magistrate Judge Cross-Goldenberg improperly allocated the burden of proof on defendants' statute of limitations defense. Specifically, plaintiff argues that the undated social media posts underlying his IIED claim should have created an inference that his IIED claim was timely pled. Pl.'s Objs. 13. Instead, plaintiff argues, the Magistrate Judge improperly determined that the social media statements were made "before the Parties' mother's funeral, which took place on May 10, 2024," R&R 27, and that in order to be timely, the suit should have been filed on May 10, 2025. Pl.'s Objs. 13.

Upon *de novo* review, the Court finds plaintiff's objection lacks merit. "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). In determining the timeliness of a complaint, the "district court may consider documents attached to the complaint as exhibits or incorporated by reference." *Karupaiyan v. Experis US Inc.*, No. 24-580, 2025 WL 615179, at *1 (2d Cir. Feb. 26, 2025) (summary order) (finding dismissal of pro se plaintiff's IIED claim was proper on statute of limitations grounds by relying on the original complaint, amended complaint, and a document attached to the complaint).

When "the statute-of-limitations defense has been raised at the pleadings stage, all factual allegations in the complaint must be accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor." *Mallet v. New York State Dep't of Corr. & Cmty. Supervision*, 126 F.4th 125, 133 (2d Cir. 2025). "If a review of the complaint and other

permissible documents reveals that the claims are prima facie time-barred, the burden is on the plaintiff to plausibly allege that they fall within an exception to the applicable statute of limitations." *Wen v. New York City Reg'l Ctr., LLC*, 695 F. Supp. 3d 517, 536 (S.D.N.Y. 2023), aff'd, No. 23-7506, 2024 WL 4180521 (2d Cir. Sept. 13, 2024).

Here, after a review of the Complaint and the documents attached to the Complaint as exhibits, plaintiff's IIED claim based on the social media posts is time-barred. The two social media posts that plaintiff alleges serve as a basis for his IIED claim are appended to the Complaint. Compl. Ex. D at 37–40; *see* Compl. ¶ 64. The posts are made by an account under the name of "Sabrina Bacquie." *See* Compl. Ex. D at 38. The first post says, "My mother [is] not even buried yet and this low life of a brother went into her home today." Compl. Ex. D at 38. The second post was made by the same account and states, in part, "I just wanted PEACE and have a proper burial for my mom." Compl. Ex. D at 39. Contrary to plaintiff's contention that the record is "silent on the date," the Court can reasonably infer based on the content of these statements, that they were made sometime after Graciela's death on April 17, 2024, and before her burial, on May 11, 2024. Thus, for plaintiff to have timely plead his IIED claim based on these social media statements, plaintiff should have filed suit on May 11, 2025.[7]

---

[7] The Court notes that plaintiff's theory under his IIED claim here is incongruent with plaintiff's theory for arguing the Court has personal jurisdiction over Sabrina on the same claim. Here, plaintiff asserts the underlying tortious acts giving rise to his IIED claim against Sabrina include the social media posts. In making his argument that the Court should exercise personal jurisdiction over Sabrina, he claims the tortious acts do not give rise to a defamation claim. *See* Pl.'s Objs. 11. Plaintiff cannot fashion his defamation claim as an IIED claim in an attempt to circumvent the Court's personal jurisdiction. *See G31000 N. Am., Inc. v. Paris*, No. 14-cv-03885, 2014 WL 6604790, at *1–2 (S.D.N.Y. Nov. 21, 2014) (holding that the defamation exception to New York's long arm statute applied to claims that defendants had engaged in "a smear campaign," even though the claims were not listed as defamation); *Baiqiao Tang v. Wengui Guo*, No. 17-cv-9031, 2019 WL

In reaching the same conclusion, Magistrate Judge Cross-Goldenberg did not misallocate the burden of proof. Defendant Sabrina, who allegedly authored the social media posts, properly raised a statute of limitations defense in her pre-answer motion to dismiss. *See* S. Bacquie Reply in Support of Mot. to Dismiss 2, ECF No. 57. The Magistrate Judge carefully "review[ed] . . . the [C]omplaint and other permissible documents," principally the social media post appended to the Complaint. *See Roeder*, 523 F. Supp. 3d at 611–12; R&R 27.

After construing the Complaint and its attachments in the light most favorable to plaintiff, the Magistrate Judge correctly determined that based on the substance of the social media statement, its likely publication date was sometime before May 10, 2024.[8] R&R 27. While the Magistrate Judge considered only one social media post, this error was harmless. *See* R&R 27 (discussing only the social media post at Compl. Ex. D at 38). Because plaintiff's own pleading proves defendants' statute of limitations defense, dismissal of the claim on statute of limitations grounds is appropriate. *See Campos v. Jaroslawicz*, No. 22-cv-01278, 2025 WL 5271069, at *1 (E.D.N.Y. July 11, 2025). Accordingly, this objection is overruled.

Plaintiff's third basis for objecting to the Magistrate Judge's timeliness assessment is that by finding that the last tortious act occurred on September 9, 2024, Magistrate Judge Cross-Goldenberg foreclosed the possibility that the continuing tort rule applies. A

---

6169940, at *6 (S.D.N.Y. Nov. 20, 2019) (dismissing IIED claim as duplicative of defamation claim where the "injuries arising from the defamation claim are the same as the IIED claim").

[8] Notably, plaintiff does not disagree with this factual finding, and the Court notes such a disagreement would be contrary to plaintiff's proposed amended complaint, which alleges the social media posts were indeed published after Graciela's death and before her burial. Pl.'s Objs. Ex. 1 ¶¶ 45–46. Thus, making this claim still time-barred, as alleged.

brief recitation of the facts is warranted here. On May 15, 2024, Ena filed a police complaint against plaintiff for violating the temporary order of protection. Compl. Ex. F at 58. The police complaint alleged that plaintiff threatened Ena with "closed fists" and stated that he was "going to jail tonight." Compl. Ex. F at 59; Compl. ¶ 31. On August 15, 2024, plaintiff was arrested for violating the order of protection. Compl. Ex. I (Kings County Certificate of Disposition) at 79. On September 9, 2024, the Kings County District Attorney's Office convened a grand jury hearing. Compl. Ex. G at 62–63. Ena testified at the grand jury hearing, Compl. Ex. H at 66–67, and allegedly made false statements. That same day the grand jury returned a felony indictment charging plaintiff with criminal contempt by physical menace (count 1), criminal contempt for disobeying a court order by violating the protective order (count 2), and menacing (count 3). Compl. Ex. I at 79. Plaintiff was arraigned on October 16, 2024. Compl. Ex. I at 79. The charges were dismissed on February 19, 2025. Compl. Ex. I at 79. The R&R determined that since the last tortious conduct under plaintiff's IIED claim occurred on September 9, 2024, plaintiff should have filed suit on or before September 9, 2025. The Magistrate Judge concluded that plaintiff's Complaint, filed on September 16, 2025, was untimely.

The continuing tort doctrine provides that where "continuous and coercive harassment . . . establish a claim for IIED[,] . . . the statute of limitations . . . runs from the last wrongful act." *Wolff v. City of N.Y. Fin. Servs. Agency*, 939 F. Supp. 258, 264 (S.D.N.Y. 1996). "Under this doctrine, a plaintiff alleging a pattern of actionable conduct may rely on conduct falling outside the statute of limitations period for IIED, so long as the final actionable event occurred within one year of the suit." *Truman v. Brown*, 434 F. Supp. 3d 100, 118 (S.D.N.Y. 2020). "New York courts treat the 'final actionable event' as the last tortious act by the tortfeasor, not the last injury sustained by the victim." *Abdulaziz v.*

*McKinsey & Co., Inc.*, No. 21-cv-01219, 2021 WL 4340405, at *3 (S.D.N.Y. Sep. 22, 2021), *aff'd*, No. 21-2921, 2022 WL 2444925 (2d Cir. July 5, 2022).

Plaintiff claims that because the Kings County prosecution did not terminate until February 19, 2025, the statute of limitations should run from that date. Pl.'s Objs. 12–13. The continued prosecution by the Kings County District Attorney's office does not toll the statute of limitations for his IIED claims. That is because, as the R&R correctly determined, the final *action* by any one of the defendants was taken on September 9, 2024, when Ena testified before the grand jury. Accordingly, plaintiff's third objection is overruled.

*D. Objection IV*

Plaintiff's last objection is that Magistrate Judge Cross-Goldenberg erred by determining that he failed to plead the collateral objective element of his abuse of process claim. Plaintiff alleges that defendants Ena and Sabrina's collateral objective for seeking his prosecution was to "coerce [p]laintiff into . . . withdraw[ing] his harassment complaint" against Ena. Pl.'s Objs. 14 (quoting Compl. ¶ 74); *see also* Compl. ¶ 22 (substantially same allegation). Plaintiff filed that harassment complaint against Ena after Ena and Sabrina filed complaints accusing him of elder abuse and endangerment. Compl. ¶¶ 18–20. Ena requested that plaintiff withdraw his complaint against her and, when plaintiff refused, Ena, "through her attorney . . . threatened retaliatory legal action." Compl. ¶ 22.

The Court finds that the Magistrate Judge erred by failing to consider this collateral objective. Plaintiff's allegation that the "threat [of legal action] was carried out" when Ena and Sabrina filed complaints against plaintiff, Compl. ¶¶ 20, 22, does not foreclose the possibility that the May 11, 2024, police report stemmed from the desire to induce plaintiff to drop the harassment complaint. Indeed, it is precisely the type of allegation the R&R identified as one that "could be a collateral objective." R&R 54 n.14.

However, the Court does not find that plaintiff has plausibly alleged that *all* defendants shared this collateral objective. Plaintiff's harassment complaint was filed against Ena, not Sabrina or Jacqueline. Nothing suggests, aside from plaintiff's conclusory allegations, that Sabrina or Jacqueline sought to achieve an "improper purpose," namely, to coerce plaintiff into dropping the harassment charges against Ena. *Savino v. City of New York*, 331 F.3d 63, 77 (2d Cir. 2003) ("[T]o state a claim for abuse of process, a plaintiff must establish that the defendants had an improper purpose in instigating the action. . . . [I]it is not sufficient for a plaintiff to allege that the defendants were seeking to retaliate against him or pursuing his arrest and prosecution."). Accordingly, the Court finds the Magistrate Judge erred in determining that Ena lacked a collateral objective, but affirms the dismissal of plaintiff's abuse of process claim with respect to Sabrina and Jacqueline on the grounds that plaintiff has not alleged a collateral objective for them.

## II. Defendants' Objections

Defendants Ena and Jacqueline object to the R&R only on the ground that it grants plaintiff leave to amend, contending that amendment would be futile. J. Bacquie Obj. 4; Wong Obj. 6. Ena and Jacqueline argue that where the claims are barred by the statute of limitations and there are no additional facts that could push the accrual date on or after September 16, 2024, amendment would cause undue delay and prejudice. J. Bacquie Obj. 10; *see* Wong Obj. 6.

"A court should generally grant a pro se plaintiff 'leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Brown v. Volpe*, No. 15-cv-9004,2017 WL 985895, at *8 (S.D.N.Y. Mar. 13, 2017) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). However, if the problems with a claim are "substantive" rather than the result of an "inadequately or inartfully pleaded"

complaint, leave to amend would be "futile" and "should be denied." *Cuoco*, 222 F.3d at 112. When all material allegations in the complaint are accepted and "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim[,]" then dismissal would be proper. *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002).

Here, plaintiff's proposed amended complaint adds new factual allegations, a claim for malicious prosecution, and removes Jacqueline as a party. *See generally* Pl.'s Objs. Ex. 1 (Proposed Amended Complaint). While it is unclear that plaintiff will ultimately be able to allege a claim within the one-year statute of limitations, because some of the wrongful conduct took place close to the accrual date of September 16, 2024, the Court declines to rule out the possibility that plaintiff could allege facts sufficient to support that his claims are both timely and plausibly alleged. Further, because the proposed amended complaint does not "materially alter the scope of this litigation," any prejudice to defendants would be minimal. *See Cintron v. Weissman*, No. 14-cv-0116, 2015 WL 5604954, at *5 (N.D.N.Y. Sep. 23, 2015).[9]

Accordingly, the Court overrules Ena's and Jacqueline's objections.

### III. Remaining Portions of the R&R

The Court has reviewed the remaining portions of the R&R for clear error and finds none. Accordingly, the Court adopts the R&R with the modifications stated above.

---

9 For these same reasons, the Court declines to condition amendment on fee-shifting. *Syl Consulting LLC v. Cmty. USA II LLC*, No. 23-cv-01377, 2024 WL 340966, at *4 (S.D.N.Y. Jan. 30, 2024) ("Rule 15(a) grants the court broad discretion as to whether conditional leave should be granted, and the scope of those conditions.").

## CONCLUSION

For the foregoing reasons, the R&R is adopted with the following modifications: (1) the Court has personal jurisdiction over Sabrina for plaintiff's IIED claim based on the alleged tortious act on May 10, 2024; (2) the second social media post, Compl. Ex. D at 39, also fails to support a timely pleaded IIED claim; (3) the collateral objective element of an abuse of process claim was plausibly alleged against Ena. All other objections raised by the parties are overruled.

Each defendants' motion is granted in part, and denied in part consistent with this Memorandum and Order. *See* S. Bacquie Mot. to Dismiss, ECF No. 27; J. Bacquie Mot. for Judgment on the Pleadings, ECF No. 56; Bacquie Wong Mot. to Dismiss, ECF No. 58. Plaintiff is granted leave to amend the Complaint within 30 days of this Order. If plaintiff fails to file an amended complaint, the case will be dismissed. The matter is respectfully referred to Magistrate Judge Cross-Goldenberg for pretrial supervision.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S.438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff, along with a civil complaint form, and note the mailing on the docket.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: September 29, 2026
Brooklyn, New York